**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> MO' AYAD AL ZAYED TRADING EST., § <br> and MO' AYAD FAWZI AL ZAYED, § <br> individually and collectively d/b/a Tiger § <br> International Company, and § <br> SHENZHEN TIGER STAR § <br> ELECTRONICAL CO., LTD., a/k/a § <br> Shenzhen Tiger Star Co., Ltd., and § <br> LIU FANGFANG, § <br> § <br> Defendants. § <br> § | Civil Action No. |

## **COMPLAINT**

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Mo' Ayad Al Zayed Trading Est., and Mo' Ayad Fawzi Al Zayed, individually and collectively d/b/a Tiger International Company, and Shenzhen Tiger Star Electronical Co., Ltd., a/k/a Shenzhen Tiger Star Co., Ltd., and Liu Fangfang (collectively, "Defendants"), and states as follows:

### **Nature of the Action**

1. DISH brings this suit for copyright infringement because Defendants are capturing broadcasts of television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet to their customers throughout the United States, 24 hours per day, 7 days per week. Defendants profit from the scheme by selling set-top boxes and corresponding service plans to access the unlawful retransmission of television channels, and charge approximately $149 to $179 per unit including a one-year service plan. Defendants are not authorized by DISH to retransmit these channels, and DISH has not received any compensation from Defendants. Defendants continue to infringe DISH's copyrights despite receiving numerous

demands to cease retransmitting the channels, demonstrating the willfulness of their copyright infringement.

## Parties

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendant Mo' Ayad Al Zayed Trading Est., d/b/a Tiger International Company ("Tiger International") is a Jordan corporation, with its principal place of business located at Abdullah Gosheh St., Building No. 38, Al Hussaini Commercial Complex, Amman 11814, Jordan.

4. Upon information and belief, Defendant Mo' Ayad Fawzi Al Zayed ("Zayed") is a natural person that resides in Amman, Jordan. Upon information and belief, Zayed is the executive director, general manager, and sole shareholder of Tiger International. Upon information and belief, Zayed authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Defendants.

5. Defendant Shenzhen Tiger Star Electronical Co., Ltd., a/k/a Shenzhen Tiger Star Co., Ltd. ("Shenzhen Tiger Star") is a China limited liability company, registration number 91440300349781364B, with its principal place of business located at 3E015, 3rd Floor, Hualijia Electronical Market, Exchange Square, No. 5 Huanan City, Pinghu Subdistrict, Longgang District, Shenzhen, Guangdong Province, China.

6. Upon information and belief, Defendant Liu Fangfang ("Fangfang") is a natural person that resides in Shenzhen, China. Fangfang is the executive director, general manager, legal representative, and sole shareholder of Shenzhen Tiger Star. Upon information and belief,

Fangfang authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Defendants.

7. Upon information and belief, each of the Defendants was the agent and/or principal for one another, was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

## Jurisdiction and Venue

8. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Personal jurisdiction over Defendants is proper in this Court because they purposefully directed their conduct towards and purposefully availed themselves of the privileges of conducting business activities within the State of Texas by retransmitting channels exclusively licensed to DISH and supplying and offering to supply set-top boxes and corresponding service plans to access the unlawful retransmission of television channels to customers in the State of Texas and the Southern District of Texas, causing injury to DISH in this State and in this District. In the alternative, personal jurisdiction is proper pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because this Court's exercise of jurisdiction is consistent with the Constitution and laws of the United States, DISH's claims arise under federal law, and Defendants are not subject to the jurisdiction of the courts of general jurisdiction of any state.

10. Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Defendants are nonresidents that may be sued in any judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

**DISH's Copyrights**

11. DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite delivery and over-the-top ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

12. DISH contracts for and purchases rights for the international channels distributed on its platform from networks and their agents, including MBC FZ LLC, International Media Distribution (Luxembourg) S.A.R.L., World Span Media Consulting, Inc., Peninsula Production Company, and Dream Media (collectively, the "Networks"). Networks' Arabic-language channels, which are also distributed abroad, include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, Dream 2, Future TV, Hekayat, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, Melody Classic, Murr TV (aka MTV Lebanon), NBN, New TV (a/k/a Al Jadeed), Noursat, ONTV, and OTV (collectively, the "Protected Channels"). Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

13. DISH entered into signed, written agreements with Networks, which were in effect at all relevant times and are currently in effect, granting DISH the exclusive right to distribute and publicly perform the works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. Eight or more works that aired on the Protected Channels and have or will have registrations pending with the United States Copyright Office include episodes of News Bulletin, Hashtag, Sada Al Malaeb, Bab Al Hara,

Chef Hassan, and Tasali Ahla Alam. A vast number of additional, unregistered copyrighted works also aired on the Protected Channels.

### Defendants' Copyright Infringement

14. Upon information and belief, Defendants own and operate a streaming television service ("the Service"). Defendants at times refer to the Service as "Tiger Star," and may use other names or labels to refer to the Service. Upon information and belief, Zayed is the founder of Tiger International Company and together they established the Service and branch offices including Shenzhen Tiger Star. Upon information and belief, Defendants each play a role in the manufacture, operation, and distribution of the Service.

15. Defendants are unlawfully retransmitting the Protected Channels to their customers in the United States through the Service. The Protected Channels were observed during testing of the Service. The Protected Channels are also identified in the user interface that viewers navigate when accessing content on the Service.

16. Defendants retransmit the Protected Channels over the Internet to users after the original authorized transmission. Upon information and belief, Defendants capture live broadcast signals of the Protected Channels, transcode these signals into a format useful for streaming over the Internet, transfer the transcoded content to one or more servers provided, controlled, and maintained by Defendants, and then transmit the Protected Channels to users of the Service through OTT delivery, including users in the United States.

17. For instance, Defendants made a post on their Facebook page located at https://www.facebook.com/MR.ABU.TIGER/ claiming they provide "a world full of entertainment

and pleasure Enjoy all the programs, stations Arab, international, the latest movies and watched the most powerful sporting championships in the world on the best servers with the best quality."



18.     Defendants also made a post on their Facebook page stating, "If you want to watch the most important and powerful Sports Championships and enjoy the latest and world movies and Arabic movies, plus a large office for Arab and foreign children's programs; all you have to do is get #tiger _Z400_PRO" using the best server in the world.



19.     Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by simply purchasing the set-top box.

20.     Defendants sell the set-top boxes at https://tigerstar.en.alibaba.com ("Tiger Star Alibaba") for approximately $149 to $179 depending on the model purchased, and which includes one-year of access to the Service.

21.     Upon information and belief, purchasers of Defendants' set-top boxes who want to continue to receive the Protected Channels after the first year must purchase a one-year service plan extension from Defendants. Defendants sell these service plan extensions on Tiger Star Alibaba for approximately $60.00 to $80.00.

22.     Defendants promote their set-top boxes at www.tiger-sat.com ("Tiger-sat.com"), http://tigerbox.org ("Tigerbox.org"), and http://tiger-sat.net ("Tiger-sat.net").

23.     Defendants have actual knowledge that the retransmission of the Protected Channels on the Service infringes DISH's copyrights. DISH and Networks sent at least twenty-nine (29) notices of infringement between May 9, 2017 and the filing of this Complaint, demanding that Defendants cease retransmitting the Protected Channels identified in the notices. Defendants did not respond to any of these notices of infringement.

24.     DISH and Networks sent at least twenty-two (22) additional notices requesting the removal of infringing content to Internet service providers associated with the Service from May 9, 2017 to the filing of this Complaint. Upon information and belief, at least some of these notices were forwarded to Defendants. Even when these Internet service providers removed the unauthorized content based on Defendants' copyright infringements, Defendants intentionally

interfered with the takedown efforts by, for example, transmitting Protected Channels from different locations.

## CLAIMS FOR RELIEF

### Count I

### Direct Copyright Infringement Under 17 U.S.C. § 501

25. DISH repeats and realleges the allegations in paragraphs 1-24.

26. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

27. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, and Lebanon, where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

28. Defendants distribute and publicly perform the copyrighted programs that air on the Protected Channels to customers throughout the United States, including through the use of the Service, in violation of DISH's exclusive rights under 17 U.S.C. § 106. DISH has not authorized Defendants to distribute or publicly perform these programs in any manner.

29. Defendants are directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

30. Defendants' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

31. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1. retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Service or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

2. distributing, providing, or promoting any product or service, including set-top boxes or the Service, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

3. advertising, displaying, or marketing the Service or set-top boxes in connection with the Protected Channels or the programming that comprises the Protected Channels.

B. For infringement of registered works, maximum statutory damages of $150,000 per registered work infringed under 17 U.S.C. § 504(c), or alternatively DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of those registered works pursuant to 17 U.S.C. § 504(b).

C. For infringement of unregistered works, an award of DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

D. For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.	For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.	For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.	For such additional relief as the Court deems just and equitable.

Dated:  December 29, 2017			Respectfully submitted,

**HAGAN NOLL & BOYLE LLC**

By: s/ Stephen M. Ferguson
	Stephen M. Ferguson (attorney-in-charge)
	Texas Bar No. 24035248
	Southern District of Texas Bar No. 614706
	Two Memorial City Plaza
	820 Gessner, Suite 940
	Houston, Texas 77024
	Telephone: (713) 343-0478
	Facsimile: (713) 758-0146

	Joseph H. Boyle (of counsel)
	Texas Bar No. 24031757
	Southern District of Texas Bar No. 30740

	**Counsel for Plaintiff DISH Network L.L.C.**