United States District Court
Southern District of Texas
**ENTERED**
August 24, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> MO' AYAD AL ZAYED TRADING EST., and MO' AYAD FAWZI AL ZAYED, individually and collectively d/b/a Tiger International Company, and SHENZHEN TIGER STAR ELECTRONICAL CO., LTD., a/k/a Shenzhen Tiger Star Co., Ltd., and LIU FANGFANG, <br>         Defendants. | Civil Action No. 4:17-cv-03909 |

**Final Judgment and Permanent Injunction**

This matter came before the Court on the Combined Motion for Entry of Default and Default Judgment filed by Plaintiff DISH Network L.L.C. ("Plaintiff") against Defendants Mo' Ayad Al Zayed Trading Est., Mo' Ayad Fawzi Al Zayed, Shenzhen Tiger Star Electronical Co., Ltd., and Liu Fangfang (together, "Defendants").

Having considered the submissions in support of Plaintiff's Motion, and the pleadings on file, the Court **GRANTS** the Motion, enters default, and finds:

Plaintiff owns copyrights in the works that air on its channels which include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, Dream 2, Future TV, Hekayat, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr,

Melody Classic, Murr TV (aka MTV Lebanon), NBN, New TV (a/k/a Al Jadeed), Noursat, and OTV (collectively, the "Protected Channels").

Defendants own and operate the Tiger Star streaming television service. Defendants profit by selling Tiger Star set-top boxes and service plan extensions that provide access to the service including the Protected Channels. Defendants promote the Tiger Star set-top box and service plans at Tiger-sat.com, Tiger-sat.net, Tigerbox.org, and through social media services.

Defendants, without authorization from Plaintiff, retransmitted the Protected Channels and the copyrighted works that air on those channels to users of their Tiger Star set-top boxes in the United States. In doing so, Defendants directly infringed Plaintiff's exclusive rights to distribute and publicly perform the works that air on the Protected Channels. Judgment is hereby directed to be entered against Defendants on Count I of Plaintiff's complaint for direct copyright infringement.

Based on these findings, the Court hereby **ORDERS** that:

1. Plaintiff DISH Network L.L.C. shall have judgment against Defendants, jointly and severally, in the total amount of $1,200,000, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). The amount consisting of $150,000 for each of its eight registered, copyrighted works that Defendants willfully infringed by retransmitting these copyrighted works without authorization on the Tiger Star service;

2. Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including all dealers and retailers of Tiger Star set-top

boxes and service plans, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

 a. copying by means of any device or process the Protected Channels or any of the programming that comprises the Protected Channels;

 b. retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Tiger Star service, or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

 c. distributing, providing, or promoting any product or service, including the Tiger Star set-top box, service plan, and the RedIPTV and Royal IPTV sections of the Tiger Star service, that comprises the whole or part of a network or service for the distribution and public performance of the Protected Channels or the programming that comprises the Protected Channels;

 d. advertising, displaying, or marketing the Tiger Star service or set-top boxes in connection with the Protected Channels or the programming that comprises the Protected Channels; and

 e. otherwise infringing Plaintiff's rights in the Protected Channels, either directly, contributorily, vicariously, or in any other manner.

3. Third parties providing any form of electronic storage, computer server, website hosting, file hosting (including data center and colocation, primary and backup storage, back-end), domain hosting, domain name registration, privacy protection for domain registration, anonymization for domain registration, proxy, content delivery network services, content acceleration (including traffic routing, bandwidth, content delivery networks, web content optimization, website/data

security), advertising (including search based online advertising), and social media services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing such services in connection with any of the activities enjoined under Paragraph 2. This includes but is not limited to Facebook, Inc. terminating accounts used to distribute, provide, or promote Tiger Star set-top boxes or service plans and Datacamp Ltd. d/b/a CDN77.com disabling IP addresses 185.152.66.60 and 185.180.13.61 and all future service providers disabling all IP addresses used to retransmit any of the Protected Channels on the Tiger Star service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 2.

4. The registries and registrars of the domain names Tiger-sat.com, Tiger-sat.net, and Tigerbox.org, within 48 hours of receiving this Order from Plaintiff, shall (i) make the websites and any other content located at the domain names inaccessible to the public; (ii) transfer the domain names to Plaintiff, including changing the registrar of record to the registrar selected by Plaintiff at Plaintiff's reasonable expense; and (iii) after the transfer reenable the domain names so that Plaintiff may fully control and use the domain names.

5. Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

6. The Court shall retain jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

It is so ORDERED.

SIGNED on this **24** day of **August**, 2018.

_/s/ David Hittner_
David Hittner
United States District Judge