United States District Court
Southern District of Texas

**ENTERED**

March 13, 2019

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:17-cv-03909 |
| Plaintiff, | | |
| v. | | |
| MO' AYAD AL ZAYED TRADING EST., and MO' AYAD FAWZI AL ZAYED, individually and collectively d/b/a Tiger International Company, and SHENZHEN TIGER STAR ELECTRONICAL CO., LTD., a/k/a Shenzhen Tiger Star Co., Ltd., and LIU FANGFANG, Defendants. | | |

**Order Granting DISH Network L.L.C.'s Motion for Contempt**

Having considered the motion for contempt filed by DISH Network L.L.C. ("DISH"), and good cause appearing, the Court **GRANTS** the motion and **ORDERS** that Defendants Mo' Ayad Al Zayed Trading Est., Mo' Ayad Fawzi Al Zayed, Shenzhen Tiger Star Electronical Co., Ltd., and Liu Fangfang (together, "Defendants") are in contempt of this Court.

The Court entered a Final Judgment and Permanent Injunction ("Permanent Injunction") on August 24, 2018, enjoining Defendants from (1) retransmitting the Protected Channels[1] in the United States and (2) distributing, providing, or

---

[1] The Protected Channels include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, Al Nahar, Al Nahar Drama, Al Nahar Sport, ART Cinema, Dream 2, Future TV, Hekayat, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, Melody Classic, Murr TV (aka MTV Lebanon), NBN, New TV (a/k/a Al Jadeed), Noursat, and OTV. (Dkt. 24 at 1-2.)

promoting any product or service, including the Tiger Star set-top box, service plan, and the RedIPTV and Royal IPTV sections of the Tiger Star service, that distributes or publicly performs the Protected Channels. (Dkt. 24 ¶ 2(b-c).) The Permanent Injunction was served on Defendants on August 27, 2018 and September 7, 2018.

The Permanent Injunction also enjoined third parties who received actual notice of the order from providing services used in connection with the enjoined activities, including Datacamp Ltd. and all future service providers disabling all IP addresses used to retransmit any of the Protected Channels on the Tiger Star service. DISH sent twelve takedown notices with copies of the Permanent Injunction to seven different service providers, identifying the IP addresses used in the course of retransmitting the Protected Channels on the Tiger Star service and requesting that they be disabled. Defendants responded to DISH's takedown notices by changing to other service providers and using new IP addresses to continue retransmitting the Protected Channels.

The Permanent Injunction also required registries and registrars to transfer to DISH several domains used by Defendants in the course of distributing, providing, or promoting the Tiger Star set-top box and service. (*Id.* ¶ 4.) Defendants created the tigerarabiciptv.com domain four days after the entry of the Permanent Injunction and on the same day that Defendants' prior domains were transferred to DISH. Defendants are now using *www.tigerarabiciptv.com* to distribute, provide, and promote the Tiger Star set-top box and service in the United States.

Based on these findings, the Court hereby **ORDERS** that:

2

1.    Defendants Mo' Ayad Al Zayed Trading Est., Mo' Ayad Fawzi Al Zayed, Shenzhen Tiger Star Electronical Co., Ltd., and Liu Fangfang are in contempt of this Court.

2.    Defendants and any of their officers, agents, servants, employees, attorneys, dealers, retailers, or other persons, acting in active concert or participation with Defendants shall immediately comply with the Permanent Injunction entered August 24, 2018, cease retransmitting the Protected Channels in the United States, and cease distributing, providing, selling, and promoting products and services, including the Tiger Star set-top box, service plan, and the RedIPTV and Royal IPTV sections of the Tiger Star service, that distribute, publicly perform, or retransmit the Protected Channels.

3.    VeriSign, Inc. and the registrars of the domain names tigerarabiciptv.com, mod92.com, rednetapp.com, and rediptv.com, within 48 hours of receiving this Order, shall (i) make the websites and any other content located at the domain names inaccessible to the public; (ii) transfer the domain names to DISH, including changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense; and (iii) after the transfer, reenable the domain names so that DISH may fully control and use the domain names.

4.    VeriSign, Inc. and any relevant registries and registrars shall disable all future domain names used by Defendants (1) in the course of retransmitting the Protected Channels on the Tiger Star service in the United States, including the RedIPTV and Royal IPTV sections of the Tiger Star service, or (2) to distribute, provide, sell, or promote the Tiger Star set-top box or service in the United States,

3

by making the websites and any other content located at the domain names inaccessible to the public within 48 hours of receiving this Order and a declaration from DISH or its agent stating that the domain names are being used in such a manner. Such domain names shall remain disabled so that the websites and content located at the domain names are inaccessible to the public until further order of this Court, or until DISH provides written notice to VeriSign, Inc., the registry, or registrar that the domain names shall be reenabled.

5.     The Permanent Injunction enjoined third parties who received actual notice of the order from providing services used in connection with the enjoined activities, including Datacamp Ltd. and all future service providers disabling all IP addresses used to retransmit any of the Protected Channels on the Tiger Star service. (Dkt. 24 ¶ 3.) This includes but is not limited to Semele Telekomunikasyon San Ve Tic Ltd. Sti, Contabo GmbH, Datacamp Ltd., and First Colo GmbH disabling IP addresses 185.77.42.1, 185.77.42.2, 5.189.173.184, 185.152.64.49, 212.224.72.122, 212.224.72.110, and all future IP addresses used to retransmit any of the Protected Channels on the Tiger Star service, including the RedIPTV and Royal IPTV sections of the Tiger Star service. The IP addresses may be reassigned to other customers after they have been disabled and are no longer being used in connection with any of the activities enjoined under Paragraph 2 of the Permanent Injunction or Paragraph 2 above.

6.     Defendants shall turn over to DISH all products that distribute, publicly perform, or retransmit the Protected Channels, including Tiger Star set-top boxes and service subscription inventory for the RedIPTV and Royal IPTV sections of the

4

Tiger Star service, in their possession, custody, or control as of the date that Defendants receive notice of this Order and any subsequently received. The products shall be delivered to DISH, c/o Hagan Noll & Boyle LLC, 820 Gessner, Suite 940, Houston, TX 77024, within fourteen days of the date of this Order.

7.     If Defendants fail to fully comply with this Order and the Permanent Injunction within fourteen days from the date of this Order, then Defendants shall jointly and severally pay an immediate sanction of $50,000 and an additional sanction of $10,000 per day, payable to the Court, which will commence on the fifteenth day from the date of this Order and continue until Defendants fully comply with this Order and the Permanent Injunction.

8.     Violation of this Order or the Permanent Injunction may subject Defendants, third parties with notice including VeriSign, Inc., Semele Telekomunikasyon San Ve Tic Ltd. Sti, Contabo GmbH, Datacamp Ltd., First Colo GmbH, other registries, registrars, and service providers, and other persons bound by the orders to all applicable penalties, including contempt sanctions.

It is so ORDERED.

SIGNED on this 12 day of ___March___, 2019.

David Hittner
United States District Judge

5